UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIDNEY HILL #72440,

        Plaintiff,

v.

BRENDA BUCHANAN, et al.,

        Defendants.
_____/

Case No. 2:19-cv-00048

Hon. Janet T. Neff
U.S. District Judge

### REPORT AND RECOMMENDATION

### I.  Introduction

This is a civil rights action brought by state prisoner Sidney Hill pursuant to 42 U.S.C. § 1983.  Hill alleges Eighth Amendment deliberate indifference claims against the remaining Defendants – Nurse Practitioner (NP) Buchanan, Registered Nurse (RN) Waybrant, RN Hense (nee Guild), RN Payment, RN Bennett, RN Winberg and– for failing to provide him adequate medical care for his broken and infected finger.[1]  (ECF No. 1, PageID.15-16.)

Defendant RNs Waybrant, Hense, Payment, Bennett and Winberg (all Defendants except NP Buchanan) have moved for summary judgment asserting that Hill has failed to exhaust his administrative remedies, and Hill has responded.  (ECF Nos. 23, 27.)  The undersigned has reviewed the pleadings and associated documents

---

[1] On April 26, 2019, the Court dismissed Hill's claims against Defendants Brian Hall, Belanger, McKee, Moran, Forrester, Jon Hall, Horton, Corrigan, Blemke, Bigger, Burke, and Stranaly for a failure to state a claim.  (ECF No. 24, PageID.157.)

1

and respectfully recommends that the Court (1) grant in part and deny in part Defendants' motion for partial summary judgment and (2) dismiss Hill's claims against Bennett, Waybrant, Payment, and Winberg without prejudice.

## II. Summary of Relevant Grievances Pursued Through Step III

| Grievance Number | MDOC Defendants Named | Issued Grieved at Step I | Outcome of Grievance | ECF No. 24-3, PageID. |
|---|---|---|---|---|
| URF-18-02-0469-2F | No person is specifically named. Instead, it generally names the "shift small yard officers and supervisors" of the yard crew. | On 2.2.2018, Hill claims that the walkway into the Lime Unit was negligently maintained. As a result, he slipped on ice and broke his finger. | Denied at Step I; denial upheld through Step III | 210-218 |
| URF-18-07-2196-12E | Buchanan, Stranaly, and Unknown Female Provider #59108. | On 7.26.2018, Hill requested antibiotics to treat his infected finger. He claims that he did not receive them and the treatment was inadequate. | Denied at Step I. The denial was upheld through Step III. | 204-209 |
| URF-18-09-2545-28A | Buchanan, Brooks, Stranaly, unnamed female clinic employee, and Guild. On appeal, it names an unnamed doctor and Nelson (PageID.202) | On 8.31.2018, the URF medical staff failed to provide Hill proper medical care. | Rejected at Step I for being duplicative of grievance URF-18-07-2196-12E. Rejection was upheld through Step III. | 197-203 |

## III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether

2

summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

3

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). In rare circumstances, an administrative remedy will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance [or other administrative] process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally

4

before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737). And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019. Where grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[2], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011). If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693-94. Alternatively, if the inmate is claiming to have received a retaliatory Class II or III misconduct, he or she must file an appeal based on retaliation. MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

---

[2] Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe. While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

6

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[3]

## V. Analysis

The questions presented are whether Hill properly exhausted his claims against RNs Waybrant, Hense, Payment, Bennett and Winberg. For the following reasons, the undersigned concludes that Hill did not properly exhaust his claims against Bennett, Waybrant, Payment, and Winberg, but did properly exhaust his claim against Hense. Thus, the undersigned recommends that that the Court find that no genuine issue of material fact exists regarding whether Hill exhausted his administrative remedies relating to the claims he makes against Bennett, Waybrant,

---

[3]   In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

7

Payment, and Winberg. The undersigned further recommends that these Defendant be dismissed from the case without prejudice.

### A. *Failure to Properly Exhaust Hill's Claims Against Bennett, Waybrant, Payment, and Winberg*

The record shows that Hill pursued six grievances through Step III since April 2018. (ECF No. 24-3, PageID.179-180.) Of those six grievances, only three are relevant to the litigation. The relevant grievances are summarized in Section II. As shown in the table in Section II, Hill complained about not receiving proper medical care for his broken and infected finger in only two of the relevant grievances.[4]

In the two grievances where Hill complains about inadequate medical care, he does not specifically name RNs Bennett, Waybrant, Payment, or Winberg. (*See* ECF No. 24-3, PageID.197-203, 204-209.) The PLRA, however, does not impose a "name all defendants requirement" when prisoners file their initial grievances, proper exhaustion requires "[c]ompliance with prison grievance procedures." *Bock*, 549 U.S. at 217, 218. In addition, the United States Supreme Court "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Id.* at 219 (citing *Ngo*, 548 U.S. at 88-91; *Porter*, 534 U.S., at 524-525).

---

[4] Hill only complained about inadequate medical care in grievance **URF-18-07-2196-12E** and grievance **URF-18-09-2545-28A**. (*See* ECF No. 24-3.)

8

Here, neither of the adequacy-of-medical-care grievances gave MDOC the opportunity to respond or potentially remedy his complaints against Bennett, Waybrant, Payment, and Winberg. As a result, Hill failed to properly utilize the grievance process and prevented MDOC from resolving Hill's complaints before he filed this action in federal court.

### B. *Hill Properly Exhausted His Claim Against Hense*

In the first sentence of Defendants' motion for partial summary judgment, Defendant Hense is identified as Nurse "Mary (nee Guild) Hense." (ECF No. 23, PageID.151.) The undersigned interprets that identification to mean that the name Guild is synonymous for Hense.

The name Guild appears in grievance **URF-18-09-2545-28A**.[5] (ECF No. 24-3, PageID.203.) Specifically, on appeal to Step III, Hill complains that Guild is one of the nurses that violated his Eighth Amendment rights by "fail[ing] to provide adequate medical attention." (*Id.*) Below, the relevant excerpt is shown.

---

[5]     As noted in Section II's table, grievance **URF-18-09-2545-28A** was rejected at Step I for being duplicative of grievance **URF-18-07-2196-12E**. (ECF No. 24-3, PageID.200.) The rejection was upheld through Step III. (*Id.*, PageID.198-199.) Ordinarily, when grievances are rejected for a failure to satisfy policy, the grievances fail to demonstrate proper exhaustion. *Scott v. Amani*, 577 F.3d 642, 647 (6th Cir. 2009). But because grievance **URF-18-09-2545-28A** was rejected for being duplicative of a properly exhausted grievance, MDOC essentially admits that it possessed enough notice to respond to Hill's allegations in grievance **URF-18-09-2545-28A**. As such, the undersigned interprets the allegations in grievance **URF-18-09-2545-28A** as being properly exhausted by grievance **URF-18-07-2196-12E**.

9

> [handwritten grievance:]
> This Grievance is not a duplicate of the Grievance filed URF 18-09-2545-28A as this grievance puts forth allegations which occured after August 31, 2018 and Def's Buchanan, Brooks, Stranaly and Goild gave inadequate medical attention which has resulted in Osteomyelitis. Grievance Coordinator has thwarted inmate from taking advantage of the Grievance process through misrepresentation. Ross v. Blake, 136 Sct 1850, 1859-66 (2016)
>
> Prisoner maintains that this Grievance is being written against Brenda L. Buchanan (N.P), Jennifer Brooks (R.N.) Ressie A. Stranaly (R.N.) and **Mary A. Goild (R.N.)** and URF Female Health Care Provider 1 and Corizon for violating Prisoners 8th Amendment Due Process rights for their failure to provide adequate medical Attention and inadequate medical Attention. On August 31, 2018 I recieved my medical Records which revealed that based on X-Rays my finger was still fractured. MRI Confirmed the fracture and the URF Healthcare Providers Inadequate medical Attention lead to me having Osteomyelitis and the finger to be amputated and removed. I was never made aware of this, nor did I recieve adequate Medical Attention which would have prevented my finger from being removed. Pain, swelling, growth between the bone which prevented Healing. Because the Health Care providers didn't take a X-ray before removing the Splint it allowed tissue to grow between the bone which caused the infection, which caused the Osteomyelitis, which caused the finger to be amputated. This was inadequate health care in violation of my 8th Amendment right.
>
> [signature] #724440

Because Guild is synonymous for Defendant Hense and because Hill's complaints in grievance **URF-18-09-2545-28A** were exhausted, the undersigned concludes that Hill properly exhausted his claim against Hense.

### VI.  Recommendation

The undersigned respectfully recommends that this Court (1) grant in part and deny in part Defendants' motion for partial summary judgment and (2) dismiss Hill's claims against Bennett, Waybrant, Payment, and Winberg without prejudice.  If the

10

Court accepts this recommendation, Hill's Eighth Amendment deliberate indifference claims against Brenda Buchanan and Mary (nee Guild) Hense will remain.


Dated:   January 30, 2020                    /s/ *Maarten Vermaat*
                                             MAARTEN VERMAAT
                                             U. S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).