UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIDNEY DURELL HILL,

 Plaintiff,

 Case No. 2:19-cv-48

v.

 HON. JANET T. NEFF

BRENDA L. BUCHANAN, et al.,

 Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 regarding Plaintiff's claims of deliberate indifference to serious medical needs. Defendant RNs Waybrant, Hense, Payment, Bennett, and Winberg filed a motion for partial summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to the claims against them. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending "the Court (1) grant in part and deny in part Defendants' motion for partial summary judgment and (2) dismiss Plaintiff's claims against Defendants Bennett, Waybrant Payment, and Winberg without prejudice" (ECF No. 31 at PageID.243). The matter is presently before the Court on Plaintiff's and Defendants' objections to the Report and Recommendation. No responses have been filed. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. Defendants' Objections

The RN Defendants "object because the Magistrate Judge seemingly misconstrues their argument that a procedurally improper[] grievance cannot serve to exhaust a prisoner's claims" (ECF No. 32 at PageID.255). Specifically, Defendants argue that grievance **URF-18-09-2545-28A** was procedurally improper because it was rejected for raising a duplicative issue (*id.*). Defendants argue that "an improperly filed grievance – even if appealed through all steps of a grievance procedure – does not fulfill the exhaustion requirement … " (*id.*).

The Magistrate Judge agrees with Defendants to the extent that "[o]rdinarily, when grievances are rejected for a failure to satisfy policy, the grievances fail to demonstrate proper exhaustion" (ECF No. 31 at PageID.250, citing *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009)). The Magistrate Judge further notes that "[a]n exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits" (*id.* at PageID.248, citing *Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017)). The Magistrate Judge properly concluded that deciding one of two duplicative cases on the merits essentially exhausted the claim as to the additional named Defendant (*id.* at PageID.250). Since grievance **URF-18-09-2545-28A** was rejected for being duplicative of a properly exhausted grievance decided on its merits, the duplicative grievance is determined to have the same exhaustion status (*id.*). "As such, the undersigned [Magistrate Judge] interprets the allegations in grievance **URF-18-09-2545-28A** as being properly exhausted by grievance **URF-18-07-2196-12E**" (*id.*). Defendant's objection is denied.

## II. Plaintiff's Objections

Plaintiff first argues that the Magistrate Judge erred in granting the RN Defendants partial summary judgment "because a reasonable jury could find that the grievances gave Defendant

Nurses fair notice of the claims against them" (ECF No. 34 at PageID.259). Plaintiff claims that his "grievances gave [the] Nurse Defendants more than enough notice by naming them and Health Care as a unit" (*id*. at PageID.262). Plaintiff does not contest that he only began to reference Defendants "like Waybrant, Guild, and Payment" later during the grievance appeal process (*id*. at PageID.260-262). As the Magistrate Judge properly concluded, "proper exhaustion requires '[c]ompliance with prison grievance procedures'" (ECF No. 31 at PageID.249, citing *Jones v. Bock*, 549 U.S.199, 217, 218 (2007)), and "[h]ere, neither of [Plaintiff's] adequacy-of-medical-care grievances gave MDOC the opportunity to respond or potentially remedy his complaints against Bennett, Waybrant, Payment, and Winberg" (*id*. at PageID.250). For this reason, objection one is denied.

Next Plaintiff argues that the Magistrate Judge erred in dismissing the Eighth Amendment claim against Defendants Bennett, Waybrant, Payment, and Winberg "because Plaintiff Hill properly exhausted his administrative remedies" (ECF No. 34 at PageID.259). Plaintiff's second argument fails for the same reason as the first. Plaintiff did not follow the required grievance procedures to name the RN Defendants such that the MDOC had an opportunity to respond or potentially remedy his complaints; therefore, Plaintiff did not exhaust his claim against Defendants Bennett, Waybrant, Payment, and Winberg (ECF No. 31 at PageID.249-250). Objection two is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court must decide pursuant to 28 U.S.C. § 1915(a)(3) whether an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones*, 549 U.S. at 206, 211-12.

3

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (ECF No. 32) and Plaintiff's Objections (ECF No. 34) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 31) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 23) is GRANTED in part and DENIED in part. Plaintiff's claims against Defendants Bennett, Waybrant, Payment, and Winberg are dismissed without prejudice; Plaintiff's Eighth Amendment deliberate indifference claims against Brenda Buchanan and Mary (nee Guild) Hense remain.

**IT IS FURTHER ORDERED** that this Court does not certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 6, 2020                                              /s/ Janet T. Neff
                                                                                        JANET T. NEFF
                                                                                        United States District Judge