UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIDNEY DURELL HILL,
#724440,

      Plaintiff,

v.

AMBER C. PAYMENT,

      Defendant.
_____/

Case No. 2:19-cv-48

Hon. Janet T. Neff
U.S. District Judge

## **REPORT AND RECOMMENDATION**

### I.  Introduction

This Report and Recommendation (R&R) addresses Defendant Amber C. Payment's motion for summary judgment (ECF No. 105).

Plaintiff — state prisoner Sidney Durell Hill — filed suit pursuant to 42 U.S.C. § 1983 on February 20, 2019. (ECF No. 1.)  In his verified complaint, Hill alleged that while he was confined at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan, the Deputy Director of the Michigan Department of Corrections (MDOC) and seventeen URF employees acted with deliberate indifference to a serious risk of harm and to his serious medical needs. More specifically, Hill alleged that on February 2, 2018, he was working as a custodian when he slipped on a patch of ice, fell, and severely broke his finger. Eight months later, that finger had to be amputated.

At this stage of the case, the only remaining claim is Hill's deliberate inference claim against Registered Nurse (RN) Payment for providing Hill with inadequate medical care. Payment now moves for summary judgment. Payment says that there are no genuine issues of material fact, and that she did not act with deliberate indifference to Hill's serious medical needs. Payment says the crux of Hill's claim is that she should have provided him with "more effective pain medication," and that this is insufficient to establish deliberate indifference. Payment also argues that she is entitled to sovereign and qualified immunity.

In response, Hill says that Payment was aware that his antibiotic treatment had not been working, and that his injury was getting worse. Yet when Payment treated Hill on July 25, 2018, she only provided him with over-the-counter pain medication. And when Payment saw Hill on August 1, 2018, Payment provided no medication. Therefore, according to Hill, Payment acted with deliberate indifference to his serious medical needs.

The undersigned is sympathetic to Hill's circumstances, but respectfully recommends that the Court grant RN Payment's motion for summary judgment. As will be explained in detail below, the undersigned concludes that there are no genuine issues of material fact bearing on the subjective component of Hill's deliberate indifference claim. RN Payment provided Hill with medical treatment, and Hill simply disagrees with the treatment that Payment provided.

## II.    Procedural History

As stated above, Hill filed suit on February 20, 2019.  (ECF No. 1.)  Hill named the following individuals as Defendants: (1) Nurse Practitioner (NP) Buchanan, (2) URF Warden Horton, (3) MDOC Deputy Director McKee, (4) URF Assistant Deputy Warden (ADW) Corrigan, (5) Captain Burke, (6) Lieutenant (Lt.) Bigger, (7) Sergeant (Sgt.) Blemke, (8) Corrections Officer (CO) B. Hall, (9) Dr. Belanger, (10) RN Stranaly, (11) RN Waybrant, (12) RN Hense (nee Guild), (13) RN Payment, (14) RN Bennett, (15) RN Winberg, (16) Warehouse Manager Moran, (17) Business Manager Forrester, and (18) Quartermaster J. Hall.  (ECF No. 1, PageID.2-4.)

On April 26, 2019, this Court issued a screening opinion finding that Hill's complaint stated deliberate indifference claims against the following individuals: (1) NP Buchanan, (2) RN Waybrant, (3) RN Hense, (4) RN Payment, (5) RN Bennett, and (6) RN Winberg.  (ECF No. 8, PageID.120-121.)  The Court dismissed all other Defendants for Hill's failure to state a claim against them.  (ECF No. 8, PageID.121 (Opinion); ECF No. 9, PageID.122.)

On August 12, 2019, Defendant RNs moved for partial summary judgment based on Hill's failure to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act prior to filing suit.  (ECF No. 23.)  On January 30, 2020, the undersigned issued an R&R recommending that the Court dismiss all but Hill's claims against RN Hense and NP Buchanan.  (ECF No. 31, PageID.249-252.)  The Court approved and adopted the undersigned's R&R over the parties' objections on March 6, 2020.  (ECF No. 38.)

On October 9, 2020, RN Hense moved for summary judgment (ECF No. 51) and on October 19, 2020, NP Buchanan moved for summary judgment (ECF No. 53). In an R&R issued on August 3, 2021, the undersigned found that despite Hill's disagreement with the adequacy of his treatment, there was no evidence on the record that created a genuine issue of material fact as to whether Hense or Buchanan acted with deliberate indifference to Hill's serious medical needs. (ECF No. 67, PageID.574, 578.) The undersigned therefore recommended that the Court grant Hense and Buchanan's motions for summary judgment. (*Id.*, PageID.579.) On September 20, 2021, the Court once again approved and adopted the undersigned's R&R over Hill's objections (ECF No. 73, PageID.618) and dismissed Hill's remaining claims (ECF No. 74, PageID.619).

After the Court entered judgment in favor of Defendants, Hill appealed. (ECF No. 75 (Notice of Appeal).) On September 8, 2022, the court of appeals affirmed the Court's judgment as to all Defendants except for Nurse Payment. (ECF No. 89, PageID.684.) The court noted that one of the grievances Hill had exhausted prior to filing suit complained of inadequate treatment occurring on July 26, 2018. (*Id.*, PageID.680.) In response to that grievance, prison officials addressed the care that Hill had received on July 25, 2018. Because Nurse Payment was the individual involved in that care, the court of appeals vacated the judgment in favor of Payment. (*Id.*) And, as noted in the introduction, Payment now moves for summary judgment as to the merits of Hill's claim against her.

### III. Relevant Factual Allegations

Hill's pertinent factual allegations against RN Payment are as follows.

On February 2, 2018, Hill was working as a custodian at URF when he fell and severely broke his finger. (ECF No. 1, PageID.9-10.) Upon notifying prison staff, he was sent to URF health services and then transported to War Memorial Hospital. (*Id.*, PageID.10.) At the hospital, Hill was given pain medication and antibiotics, as the bone had broken through his skin and there was a risk of infection. (*Id.*)

In the months following, Hill received medical care for his finger from various URF employees. (ECF No. 1, PageID.9-13.) One such employee was RN Payment. Hill says that he first saw RN Payment on July 25, 2018. (*Id.*, PageID.12.) At the time, his finger showed signs of infection. But Payment did not provide Hill with antibiotics. Instead, Payment provided Hill with over-the-counter pain medication. (*Id.*)

Hill says that he saw RN Payment for a second time on August 1, 2018. (*Id.*) During that appointment, Hill complained that his pain and infection were worsening. This time, Hill was given an antibiotic, but not a pain medication. (*Id.*)

### IV. Relevant Medical Records

Hill's medical records reflect that during the July 25, 2018 appointment, RN Payment noted signs of infection in Hill's finger and assessed a potential infection. (ECF No. 53-1, PageID.409.) Payment noted that Hill's finger had previously been infected, ordered an aerobic culture, prescribed a pain reliever, and scheduled a

5

follow-up appointment for August 1, 2018. (*Id.*) She also noted that, at the time, Hill was experiencing "minimal to no pain." (*Id.*)

On August 1, 2018, NP Payment met with Hill and noted that Hill's finger was swollen and draining. (*Id.*, PageID.411.) Though the results of the aerobic culture were not back, Payment referred Hill for a chart review by his provider, NP Buchanan. (*Id.*) The same day, NP Buchanan reviewed Hill's chart and prescribed antibiotics. (*Id.*, PageID.413.)

## V.   **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## VI.    Eighth Amendment Deliberate Indifference

Hill avers that RN Payment provided him with inadequate medical care. As an initial matter, the undersigned notes that the parties disagree as to whether Hill's claim covers his August 1, 2018 appointment with RN Payment. (*See* ECF No. 109, PageID.766-767 ("Hill is incorrect that his claim against Payment includes treatment she provided on both dates—the Sixth Circuit Court of Appeals remanded only the claim against Payment for the treatment she provided on July 25, 2018.").) In vacating this Court's judgment against NP Payment based on Hill's failure to exhaust his administrative remedies, the court of appeals looked to grievance URF-1807-1296-12E. (ECF No. 89, PageID.679.) The undersigned therefore looks to grievance URF-1807-1296-12E to establish the scope of Hill's deliberate indifference claim.

At Step I, Hill complained that he was not given antibiotics following his appointment with RN Payment. (ECF No. 24-3, PageID.207.) The Step I Respondent explained that Payment contacted Hill's provider for orders, took a culture of the wound, and prescribed pain medication. (*Id.*, PageID.208.) The Respondent also noted that Hill's provider prescribed antibiotics after receiving the results of the culture on August 1, 2018. The Respondent therefore denied Hill's grievance. (*Id.*)

In his Step II appeal, Hill complained that despite being seen on July 25, 2018, he did not receive pain medication until August 3, 2018. (*Id.*, PageID.205.) The Step II Respondent reviewed the Step I grievance and response, and again noted that RN Payment had provided oral analgesics and performed a wound culture on July 25, 2018, and that Hill's provider had prescribed antibiotics on August 1, 2018. (*Id.*,

7

PageID.206.)  The Respondent also noted that Hill had been seen by an off-site orthopedic surgeon on August 30, 2018 and that additional treatment would be "ordered as indicated."  (*Id.*)  In his Step III appeal, Hill reiterated his prior complaints, but clarified that he had asked RN Payment "for pain medication other than Ibuprofen and Tylenol, as they are no longer effective."  (*Id.*, PageID.203.)

In the opinion of the undersigned, Hill's remaining claim encompasses both his July 25, 2018 appointment and his August 1, 2018 appointment with RN Payment. Hill's complaint includes allegations with respect to both appointments (ECF No. 1, PageID.12), his deposition testimony addressed both appointments (ECF No. 106-1, PageID.736-737), and in addressing URF-1807-1296-12E, prison staff considered the adequacy of Hill's treatment through August 30, 2018 (ECF No. 24-3, PageID.206). With that in mind, Hill's claim is that NP Payment acted with deliberate indifference to his serious medical needs when she provided him with ineffective pain medication on July 25, 2018, and no pain medication on August 1, 2018.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  Deliberate indifference may be manifested by a doctor's failure to

respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). This Court has already determined that the evidence on the record is sufficient to create a genuine issue of fact with respect to whether Hill's finger injury constituted a serious medical need. (ECF No. 67, PageID.571-572.) As such, the undersigned turns to subjective component of Hill's claim.

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both

9

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting Farmer, 511 U.S. at 842)).

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06. Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

10

Furthermore, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

In the opinion of the undersigned, there are no genuine issues of material fact as to the subjective component of Hill's claim against RN Payment. Hill's complaint that he should have received a stronger or more effective pain medication on July 25, 2018 is a classic example of an inmate and prison medical personnel disagreeing as

11

to the appropriate course of treatment. As provided by the court of appeals earlier in this case, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." (ECF No. 89, PageID.683 (first quoting *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); and then citing *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014)).)

And while Hill complains that RN Payment did not prescribe pain medication on August 1, 2018, Payment did refer Hill to his medical provider, NP Buchanan. (ECF No. 53-1, PageID.411.) The same day, Buchanan prescribed Hill antibiotics.[1] (*Id.*, PageID.413.) And Hill's grievance against RN Payment indicates that he received pain medication just two days later, on August 3, 2018. (ECF No. 24-3, PageID.205.) In the opinion of the undersigned, such treatment is not "so woefully inadequate as to amount to no treatment at all." So, although the undersigned is sympathetic to Hill's injury, the undersigned respectfully recommends that the Court grant RN Payment summary judgment on the grounds that there are no genuine issues of material fact as to the subjective component of Hill's deliberate indifference claim.

### VII. Qualified Immunity

In addition to arguing that she did not violate Hill's rights under the Eighth Amendment, RN Payment asserts that she is entitled to qualified immunity in her

---

[1] Notably, Buchanan also chose not to prescribe Hill pain medication on August 1, 2018. And both this Court and the court of appeals determined that there were no genuine issues of material fact with respect to the subjective component of Hill's deliberate indifference claim against Buchanan. (ECF No. 67, PageID.578; ECF No. 89, PageID.683.)

individual capacity and sovereign immunity in her official capacity. (ECF No. 106, PageID.728-730.)

RN Payment's claim for qualified immunity is largely redundant. After initially arguing that she is entitled to judgment because she did not violate Hill's Eighth Amendment rights, she argues that she is entitled to qualified immunity because she did not violate Hill's Eighth Amendment rights.[2] In any event, the undersigned agrees; because there are no genuine issues of material fact and the undersigned finds that RN Payment did not violate Hill's Eighth Amendment rights, Payment is entitled to qualified immunity. *See Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) ("Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).

RN Payment's claim for sovereign immunity is different. Payment argues that she is entitled to sovereign immunity in her official capacity as to Hill's claims for monetary damages regardless of the merits of Hill's claims.

A lawsuit against a state official for monetary damages is treated as a lawsuit against the State. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The states and their departments are immune under the Eleventh Amendment from suit in the federal

---

[2]   In other words, RN Payment does not argue that the rights at issue were not clearly established.

courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Section 1983 did not expressly abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Hill sues RN Payment in her official and individual capacities for monetary damages and injunctive relief. (ECF No. 1, PageID.3, 17.) As such, if Hill's deliberate indifference claim survives, then the Court should dismiss Hill's claim for monetary damages against Payment in her official capacity in accordance with Eleventh Amendment.

### VIII.  Recommendation

The undersigned respectfully recommends that the Court grant RN Payment's motion for summary judgment. In the opinion of the undersigned, there are no genuine issues of material fact bearing on the subjective component of Hill's deliberate indifference claim. RN Payment provided Hill with medical treatment, and Hill simply disagrees with the treatment he was provided.

If the Court accepts this recommendation, this case will be dismissed.


Dated:  April 7, 2023                                        /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U.S. MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).